STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ELLYN MARCUS LINDSAY (Cal. Bar No. 116847)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2041
     Facsimile: (213) 894-6269
     E-mail:    Ellyn.lindsay@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 07-1402-SJO |
|---|---|
| Plaintiff, | GOVERNMENT'S POSITION RE: SENTENCING FACTORS |
| v. | |
| RICHARD ALLEN GOODHEART, | Date: December 15, 2014<br>Time: 9:00 a.m. |
| Defendant. | Place: Courtroom of the Honorable S. James Otero |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California, hereby submits its Position Re: Sentencing Factors.  This filing is based on the attached Memorandum of Points and Authorities and exhibits, the files and records in this case,

//

//

and any further evidence and argument as may be presented at the sentencing hearing.

Dated: November 10, 2014

Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


          /s/
ELLYN MARCUS LINDSAY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**GOVERNMENT'S SENTENCING MEMORANDUM**

**I.   INTRODUCTION**

The government concurs with the findings and position of the probation officer as set forth in the presentence report. The government believes that a low-end sentence of 57 months is appropriate.

**II.   FACTS**

Defendant pled guilty to one count of conspiracy, in violation of Title 18, United States Code, Section 371. Defendant's conviction is based on his participation in a fraudulent telemarketing operation based in Montreal, Quebec, Canada, that targeted elderly victims in both Canada and the United States. In the plea agreement, defendant agreed to the following statement of facts:

> Beginning as early as 2004, and continuing through December 2006, several individuals engaged in a conspiracy to commit mail and wire fraud. Defendant knowingly joined this conspiracy intending to accomplish its objects. The conspiracy operated as follows: working in a location in Montreal, Quebec, Canada, telemarketers committed fraud against victims in Canada and the United States, including victims located in the Central District of California. In November 2006, defendant joined this conspiracy as a telemarketer. Defendant's co-conspirator obtained "leads," that is, names and contact information of potential victims in the United States and Canada. Working from the leads, defendant and other telemarketers contacted victims by telephone and mail and falsely informed them that they had won a large sum of money in a sweepstakes or lottery. As defendant then knew, this representation was false and fraudulent, as there was no sweepstakes or lottery, and the victim called had not won any sum of money from defendant or anyone with whom he was associated.
>
> Defendant and other telemarketers falsely told the victims that, in order to collect their "winnings," the victims had to pay a sum of money, which the telemarketers falsely represented was for taxes, administrative fees, insurance, legal fees, and other expenses that purportedly had to be paid before the "winnings" could be sent to the victims. As defendant then knew, these representations were false and fraudulent, as there were no winnings to be

     sent and the victims had no reason to send money to defendant or anyone with whom he was associated.

     Defendant and other telemarketers instructed the victims to send the money for the purported expenses and fees required for release of their winnings in a variety of ways: (i) By wire transfer via Western Union or MoneyGram, either in a name of the victim's choosing, or in a name supplied by the telemarketers; (ii) by mail or by commercial carrier, such as Federal Express, to an address supplied by the telemarketers; and (iii) by wire transfer from the victim's bank account into a bank account controlled by a co-conspirator.  Defendant would receive a percentage of the money he obtained from victims he called.

     During defendant's employment, the loss caused by defendant and his co-conspirators was $490,732.14 to 96 victims.

     In furtherance of the conspiracy and to accomplish the objects of the conspiracy, on November 23, 2006, defendant contacted a co-conspirator and supplied him with information regarding the pickup of money sent via MoneyGram by victim M.L.

## III. SENTENCING FACTORS

The government believes that an evaluation of the factors set forth in 18 U.S.C. § 3553(a) demonstrates why a sentence at the low end of the range of 57-60 months is appropriate.

    A.   **"(1) the nature and circumstances of the offense and the history and characteristics of the defendant."**

This case involves an egregious fraud that targeted the elderly and infirm.  As a telemarketer, defendant personally cheated these victims out of money they could hardly afford to lose.  The callousness and disregard of basic human decency make this a very, very serious crime.  However, defendant's involvement was fairly short, and the government has no knowledge of his involvement in criminal activity following his arrest in Canada in 2006.

    **B.**    **"(2) the need for the sentence imposed**

        **1.**    <u>**"(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."**</u>

The government believes that a sentence of 57 months is necessary to reflect the seriousness of this offense, as well as to promote respect for the law.  The government believes a longer sentence is not necessary to provide just punishment for the offense, given the age of the conduct.

        **2.**    <u>**"(B) to afford adequate deterrence to criminal conduct."**</u>

The government believes that 57 months incarceration will deter defendant from ever engaging in this type of conduct again, and also provides general deterrence to others.

        **3.**    <u>**"(C) to protect the public from further crimes of the defendant."**</u>

The government believes that, given defendant's crime, balanced against the passage of time, defendant poses some danger to the public, as he is well versed in the ways of the scammer.  As a further consideration, unlike in the "mine run" of cases, defendant will not be on supervision following his release from custody, as he will be deported.  Thus, he will be under no conditions designed to protect the public, and there will be no way to monitor his activities.

        **4.**    <u>**"(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."**</u>

Following a guidelines sentence avoids disparity between similarly situated defendants.  <u>United States v. Green</u>, 592 F.3d 1057, 1072 (9th Cir. 2010) (sentencing guidelines exist to create national uniformity of sentencing); quoting <u>United States v.</u>

3

<u>Becerril-Lopez</u>, 541 F.3d 881, 895 (9th Cir. 2008) ("[W]e have trouble imagining why a sentence within the Guidelines range would create a disparity, since it represents the sentence that most similarly situated defendants are likely to receive").

The government believes a 57-month sentence in this case also avoids unwarranted disparities between defendant and his co-defendants. Co-defendant Bellini received a sentence of seven years. He was far more culpable than defendant, but also cooperated extensively. The government is requesting a sentence of 60 months for co-defendant Alexander, because his involvement was more extensive than that of defendant. Co-defendant Alexander Andriopoulos, who received probation, was only very tangentially involved in this case. And co-defendant Rayme Freedman, who received pre-trial diversion, was a lead seller whose knowledge of the offense was difficult to prove.

    **5.** <u>"(7) the need to provide restitution to any victims of the offense.</u>**"**

Given that defendant will be deported when released from custody, the government doubts that he will ever voluntarily pay restitution.

As demonstrated by the discussion above, the factors pursuant to 18 U.S.C. § 3553(a) demonstrate that a low-end sentence of 57 months is appropriate.

**IV. CONCLUSION**

For the foregoing reasons, the government asks this court to sentence defendant to a term of incarceration of 57 months, based on an offense level of 25, a criminal history score of I, and a guidelines range of 57-60 months.

## CERTIFICATE OF SERVICE

I, Belinda B. Tunque, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18 years old, and I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **GOVERNMENT'S POSITION RE: SENTENCING FACTORS**
service was:

☒ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☐ By messenger, as follows:

☐ By Federal Express, as follows:

**Mairi Cervantes**
**United States Probation Officer**
**United States Probation Office**
**312 North Spring Street, 6th Floor**
**Los Angeles, CA   90012**

This Certificate is executed on November 10, 2014, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct

*Belinda B. Tunque*